UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


JORGE LUIS TAPANES,

                    Petitioner,

vs.                                Case No. 2:10-cv-13-FtM-29SPC
                                   Case No. 2:07-cr-43-FTM-29SPC

UNITED STATES OF AMERICA,

                    Respondent.
_____


**OPINION AND ORDER**


        This matter comes before the Court on petitioner Jorge Luis
Tapanes's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or
Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr.
Doc. # 94)[1]. The United States filed its Response in Opposition to
Petitioner's Motion to Vacate, Set Aside, or Correct Sentence,
Pursuant to 28. U.S.C. § 2255 (Cv. Doc. #9). For the reasons set
forth below, the motion is denied.

                                   **I.**

        On March 28, 2007, a federal grand jury in Fort Myers,
Florida, filed a one-count Indictment against petitioner Jorge Luis
Tapanes (Petitioner or Tapanes) charging that on or about March 15,

_____

        [1]The Court will make reference to the dockets in the instant
action and in the related criminal case throughout this Opinion and
Order.  The Court will refer to the docket of the civil habeas
case as "Cv. Doc.", and will refer to the docket of the underlying
criminal case as "Cr. Doc."  Cited page numbering refers to the
page numbers used by Petitioner at the bottom of the document.

2007, Petitioner knowingly and willfully possessed with the intent to distribute 50 or more marijuana plants, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). (Cr. Doc. #14.) At the jury trial, the evidence established the following: On March 13, 2007, Special Agent Steven Duquette of the Drug Enforcement Administration (DEA) received a telephone call from a confidential source stating that a house at 172 McArthur Blvd, Lehigh Acres, Florida was being used for the indoor growing of marijuana plants. (Cr. Doc. #81, p. 46.) On March 15, 2007, Special Agent Duquette and Florida Highway Patrol (FHP) Sergeant Daniel Hinton went to the house and attempted to make contact with the occupants by knocking on the door. (Id. at pp. 22-23, 47.) No one answered, but Trooper Hinton noted an "extreme odor of live cannabis" coming from the garage area, and returned to his vehicle parked in the driveway to type a search warrant. (Id. at pp. 23-24.) While he was preparing the search warrant, a person later identified as petitioner Jorge Luis Tapanes climbed out a window of the house and attempted to flee in a vehicle. (Id. at pp. 24-25.) Petitioner was apprehended and detained while a federal search warrant was prepared. (Id. at p. 26.) A search warrant was obtained and executed that day, and resulted in the discovery of an indoor marijuana grow operation and 70 live marijuana plants. (Id.

at pp. 26-27, 56.)  Petitioner gave a post-<u>Miranda</u>[2] statement admitting he knew the marijuana plants were in the garage, had set up the grow house, and had lived in the house for two months.  (<u>Id.</u> p. 123.)  Petitioner testified at trial that he was growing the marijuana plants, but denied ever having sold or distributed the marijuana.  (<u>Id.</u> pp. 145, 147, 149-50.)  The jury found Petitioner guilty of the charged offense. (Cr. Doc. #82, p. 218.)  On December 10, 2007, Petitioner was sentenced to 120 months imprisonment, to be followed by five years of supervised release, and a special assessment of $100. (Cr. Doc. #83, pp. 23-25.)

On December 11, 2007, Petitioner filed a Notice of Appeal (Cr. Doc. #69), and a new attorney was appointed for Petitioner on appeal (Cr. Docs. ## 71, 72).  Appellate counsel filed an <u>Anders</u>[3] brief stating there were no meritorious grounds for an appeal, but asserting two potential issues.  The Eleventh Circuit affirmed Petitioner's conviction and sentence on February 27, 2009.  <u>United States v. Tapanes</u>, 315 F. App'x 894 (11th Cir. 2009).  The matter is now before the Court on Petitioner's timely § 2255 motion.

## II.

Petitioner raises multiple claims of trial court error and ineffective assistance of both trial and appellate counsel.  The Court sets forth the applicable legal principles, discusses the

---

[2]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

[3]<u>Anders v. California</u>, 386 U.S. 738 (1967).

need for an evidentiary hearing, and then addresses the specific issues raised or implied by Petitioner.

**A. General Legal Principles**

 **(1) Ineffective Assistance of Counsel:**

 To prevail on a claim of ineffective assistance of counsel, a habeas Petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 694 (1984).

> To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. [ ] A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. [ ] The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. [ ]

<u>Harrington v. Richter</u>, 131 S. Ct. 770, 787 (2011)(internal quotation marks and citations omitted).

> With respect to prejudice, a challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. [ ] It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. [ ] Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. [ ]

Id. at 787-88 (internal quotation marks and citations omitted). "Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010).

As to the performance prong, "[t]he Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Premo v. Moore, 131 S. Ct. 733, 741 (2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001). An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

The same deficient performance and prejudice standards apply to appellate counsel. Roe v. Flores-Ortega, 528 U.S. at 476-77. To prevail on a claim of ineffective assistance of appellate counsel, a defendant must show that counsel was objectively unreasonable in failing to raise a particular issue on appeal. Smith v. Robbins, 528 U.S. 259, 285-86 (2000). If the Court finds there has been deficient performance, it must examine the merits of

the claim omitted on appeal.  If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice.  Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997).  Failure to raise a nonmeritorious claim on direct appeal does not constitute ineffective assistance of counsel.  Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

**(2)  Procedural Default:**

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 [motion]."  McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (citation omitted).  Two exceptions to the procedural default rule exist: "(1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence."  Id.  A habeas petitioner may also overcome procedural default by showing that his counsel was constitutionally ineffective in failing to raise the claim.  United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

**B. Evidentiary Hearing**

A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. § 2255(b).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court

should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Applying this standard, the Court finds that an evidentiary hearing is not warranted in this case.

## C. Specific Claims of Error or Ineffective Assistance of Counsel

Because Petitioner is proceeding *pro se*, the Court reviews his claims liberally. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

### (1) Failure to Dismiss Indictment:

Petitioner argues that the trial court erred in failing to dismiss the Indictment (Cv. Doc. #1, p. 13), and that trial counsel provided ineffective assistance by failing to file a motion to dismiss the Indictment because: (1) the anonymous tip lacked reliability to support a warrant; (2) the marijuana plants should have been counted as seedlings to calculate the base offense level; (3) drugs for personal use could not be counted towards the distribution quantity; and (4) for "any and all defects in the indictment". (Cv. Doc. #1, pp. 10, 14-15, 17, 19). The Court finds there was no ineffective assistance of counsel for failing to file

a motion to dismiss the Indictment, and (assuming the claim is not procedurally defaulted) no error by the undersigned in failing to dismiss the Indictment.

An indictment is sufficient on its face if the indictment contains the elements of the offense charged, fairly informs a defendant of the charge against which he must defend, and enables defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974). The Indictment (Doc. #14) satisfies these requirements. An indictment is valid even if evidence obtained in violation of the Fourth Amendment is presented to the grand jury returning the indictment. <u>United States v. Calandra</u>, 414 U.S. 338 (1974). There was, however, no Fourth Amendment violation in this case when the agents knocked on the door to attempt to speak with the occupant. <u>United States v. Taylor</u>, 458 F.3d 1201, 1204-05 (11th Cir. 2006); <u>United States v. Diaz</u>, 404 F. App'x 381, 382-83 (11th Cir. 2010). The calculation of the base offense level for sentencing has nothing to do with the validity of an indictment, and purely sentencing factors need not be alleged in an indictment. <u>United States v. O'Brien</u>, 130 S. Ct. 2169, 2174 (2010). Because there was no basis on which defense counsel could have challenged the sufficiency of the Indictment in this case, there was no basis for a motion to dismiss. Counsel therefore did not provide ineffective assistance of counsel by not filing a motion to dismiss

the Indictment, and there was no basis on which the Indictment should have been dismissed by the trial court.

**(2)   Failure to File Motion to Suppress:**

Petitioner argues that trial counsel provided ineffective assistance by failing to file a motion to suppress on the ground that the anonymous tip lacked reliability and was insufficient to support a warrant. (Cv. Doc. #1, pp. 10, 12.) The record establishes otherwise.

"To obtain relief where an ineffective assistance claim is based on trial counsel's failure to file a timely motion to suppress, a petitioner must prove (1) that counsel's representation fell below an objective standard of reasonableness, (2) that the Fourth Amendment claim is meritorious, and (3) that there is a reasonable probability that the verdict would have been different absent the excludable evidence." Zakrzewski v. McDonough, 455 F.3d 1254, 1260 (11th Cir. 2006)( citing Kimmelman v. Morrison, 477 U.S. 365, 375 (1986)). Petitioner establishes none of these requirements.

As discussed above, the officers did not violate the Fourth Amendment by approaching the house to speak with the occupant, and needed no particular quantum of evidence before deciding to do so. The search warrant for Petitioner's home was not based on the anonymous tip alone; rather, it was based on the officers' observations when they were lawfully at the house occupied by

Petitioner for the "knock and talk." Observations of illegal activities are "precisely what a judicial officer needs to provide a basis for a warrant." <u>California v. Ciraolo</u>, 476 U.S. 207, 213 (1986). The search warrant was clearly based on probable cause, and defense counsel had no basis to file a motion challenging it. Therefore, no ineffective assistance of counsel resulted from the failure to file a motion challenging the search warrant, and there was no basis for the trial court to suppress the evidence.

### (3) **Failure to Suppress Due to <u>Miranda</u> Violation:**

Petitioner also argues that trial counsel provided ineffective assistance by not filing a motion to suppress evidence as well as Petitioner's statement based upon defective <u>Miranda</u> warnings (Cv. Doc. #1, p. 10). Petitioner argues that his statements were made prior to receiving the search warrant and <u>Miranda</u> warnings; that his <u>Miranda</u> warnings were improper because the officer issuing the warnings was not fluent in Spanish; that the statement of rights on the pre-printed card was not a correct statement of Petitioner's <u>Miranda</u> rights; and that he did not understand the <u>Miranda</u> waiver. (Cv. Doc. #1, p. 10, 12, 13-14; 17-18.) Petitioner also argues the Court abused its discretion by failing to inquire as to whether Agent Strang's Spanish interpretation of Petitioner's <u>Miranda</u> warnings met the standard set forth in <u>United States v. Martinez-Gaytan</u>, 213 F.3d 890 (5th Cir. 2000), which constituted plain error under <u>Owen v. Alabama</u>, 849 F.2d 536, 540 (11th Cir. 1988). (Cv. Doc. #1, p. 12.)

These substantive claims are procedurally defaulted and Petitioner has failed to show the presence of any exception for the default or any ineffective assistance of counsel as to the issues. Alternatively, if not defaulted, the claims are clearly without merit.

Agent Leverenz testified that after Petitioner was detained, Petitioner spoke with Special Agent Strang in Spanish. (Cr. Doc. #81 p. 102.) Special Agent Strang testified that he provided Petitioner with his Miranda warnings in Spanish, and detailed the conversation he and Petitioner engaged in after Petitioner received the warnings. (Cr. Doc. #81, p. 108-112, 123-124.)

Petitioner testified at trial that after being detained by the police, he informed them that he did not speak English. (Id., p. 143.) He stated an agent told him "I'll speak with the DA and if you get me a cocaine case, and I'll help you." (Id., p. 144.) He then stated he signed a paper they brought to him, but he did not want to sign the paper regarding the search warrant. (Id., p. 144.)[4] Accordingly, there is nothing in the record to support Petitioner's assertion that he made incriminating statements to the police prior to receiving his Miranda warnings, and therefore no pre-Miranda statements to be suppressed. Petitioner fails to meet the Strickland standard. Petitioner's counsel did not provide

_____

[4]Agent Strang testified that Petitioner refused to consent when the police asked if they could search his home. (Cr. Doc. # 81, p. 124.)

ineffective assistance in respect to this claim, and there was no substantive error.

As to the post-Miranda statement, Special Agent Strang testified that he provided Petitioner with his Miranda warnings on a pre-printed written form in Spanish (Cr. Doc. #82, p. 108-11); that the pre-printed Spanish form explained all of the available rights Petitioner had while subject to police questioning (id., p. 111-12); and that he and Sergeant Dan Hinton witnessed Petitioner sign the Spanish form after Petitioner had the opportunity to read over the form, which he appeared to understand (Cr. Doc. #112). Petitioner's counsel objected, claiming Special Agent Strang's "ability in the Spanish language is questionable," and argued that Special Agent Strang's limited Spanish ability did not effectuate a valid waiver of rights by Petitioner. (Cr. Doc. #81, p. 109.) The Court overruled the objection, stating Special Agent Strang did not testify that he was not sufficiently fluent to obtain a waiver. The Court granted Petitioner's counsel a continuing objection to the testimony "with regard to the Miranda rights, the waiver of the irrelevant Miranda rights and any statements resulting from conversations" with Special Agent Strang. (Id., p. 110.) The Court also overruled counsel's objection that the government had not established that Special Agent Strang had the requisite qualifications to translate the document. (Id., p. 113.) Counsel further objected when Special Agent Strang testified that Petitioner understood the document and when the Government

attempted to move the signed <u>Miranda</u> waiver into evidence, but the Court overruled counsel's objections.  (<u>Id.</u>, p. 112.)  The record establishes that there was neither ineffective assistance of counsel nor error in the Court's decisions.

**(4) Failure to Grant Mistrial:**

Petitioner argues that the Court erred in denying defense counsel's oral motion for a mistrial because of the Government's <u>Brady</u> violation.  (Cv. Doc. #1, p. 11-12, 13.)  The declaration of a mistrial is a matter within the discretion of the trial court. <u>United States v. Newsome</u>, 475 F.3d 1221, 1227 (11th Cir. 2007), <u>cert. denied</u>, 552 U.S. 899 (2007).

This issue was raised by Petitioner in the <u>Anders</u>[5] brief submitted to the Eleventh Circuit, in which he argued that the government violated Fed. R. Crim. P. 16(a)(1)(A) in failing to turn over Agent Strang's notes. (No. 07-15852-GG, "Initial Brief for Appellant," June 9, 2008, pp. 10-22, 12-15.)  The Eleventh Circuit reviewed Petitioner's entire record and found no "arguably meritorious issues". (Cr. Doc. #92.)  Accordingly, because the Eleventh Circuit decided the issue and found nothing of merit, the issue is procedurally barred from being raised in Petitioner's collateral proceeding.  <u>Lynn v. United States</u>, 365 F.3d 1225, 1234 (11th Cir. 2004).

---

[5]<u>Anders v. California</u>, 386 U.S. 738 (1967).

Additionally, there was no ineffective assistance of appellate counsel. Not only was the issue raised in the <u>Anders</u> brief, but it was without merit. In <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Supreme Court held that, under the Due Process Clause, the government may not suppress evidence favorable to an accused when that evidence "is material either to guilt or to punishment." 373 U.S. at 87. To establish a <u>Brady</u> violation, the defendant must show that (1) the government possessed favorable evidence to the defendant; (2) the defendant does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different. <u>United States v. Vallejo</u>, 297 F.3d 1154, 1164 (11th Cir. 2002). This standard was not satisfied in this case.

Petitioner further asserts it was ineffective assistance for counsel not to argue the typewritten report, rough notes, and Special Agent Strang's trial testimony were inconsistent with each other (Cv. Doc. #1, p. 11). During trial and the cross-examination of Special Agent Strang, counsel objected that notes were not produced. Pursuant to Title 18, United States Code, Section 3500(b), Special Agent Strang produced the notes taken contemporaneously with the interview of Petitioner. The substance of the notes was previously produced to counsel and no inconsistencies were identified at the time of Agent Strang's

testimony.  (Cr. Doc. #81, pp. 127-129.)  Petitioner has not identified any inconsistencies that counsel failed to identify, therefore the Court finds no ineffective assistance of trial counsel on this issue.

**(5)  Sufficiency of the Evidence:**

Petitioner asserts that there was insufficient evidence to support his conviction (Cv. Doc. #1, p. 11) and that his attorney failed to object to the lack of sufficient evidence (id. at 8). Petitioner also asserts that the trial court erred in failing to grant a motion for acquittal made by his attorney at the conclusion of the government's case (Cv. Doc. #1, pp. 8, 13).

The sufficiency of the evidence is reviewed *de novo*, taking the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict. United States v. Langford, 647 F.3d 1309, 1319 (11th Cir. 2011). A verdict will not be disturbed unless "no reasonable trier of fact could find guilt beyond a reasonable doubt." Id.  Assuming this issue was not procedurally defaulted, there was ample evidence to support the verdict in this case.  There was no ineffective assistance of counsel because, as Petitioner notes, his attorney did make an objection to the sufficiency of the evidence in the form of a motion for judgment of acquittal.  No additional objection to the Court's ruling was required.

**(6)  Petitioner's Prior Conviction:**

Petitioner asserts that his trial attorney provided ineffective assistance of counsel by not objecting to the Court's ruling which allowed disclosure of the nature of his prior conviction after he testified on direct examination (Cv. Doc. #1, pp. 9, 15). The trial transcript demonstrates to the contrary. Counsel for Petitioner objected that evidence of Petitioner's past convictions would be more prejudicial than probative under Fed. R. Evid. 403. The Court agreed with counsel and disallowed the convictions for burglary, grand theft, and aggravated battery due to their age. The Court further found, as to the 2006 conviction for the cultivation of marijuana, that eliciting the nature of the conviction would be unduly prejudicial. The government was tentatively permitted to elicit only the fact of the conviction, not the nature of the conviction, if Petitioner opened the door during his testimony. (Cr. Doc. #81, pp. 137, 138.) Petitioner testified "I have never sold drugs in this country. . . . Because I've never sold drugs." (Id., p. 145.) At sidebar, the government argued that Petitioner opened the door based on this testimony. Counsel for Petitioner argued that the past conviction was for cultivation not distribution, and therefore the door was not opened. Counsel further argued that, even if allowed for impeachment purposes, the nature of the offense should not be allowed. The Court found, based on Petitioner's testimony that he was not involved in the sale or distribution of drugs, the nature of the offense would be admitted into evidence. (Id., pp. 147-149,

151.)  The Court finds no ineffective assistance of trial counsel on this basis.

Appellate counsel also raised this issue on behalf of Petitioner in the Anders brief.  (No. 07-15852-GG, "Initial Brief for Appellant," June 9, 2008, pp. 14-15.)  The Eleventh Circuit agreed with appellate counsel's assessment and found no merit to the argument.  (Doc. #92.)  The Court finds the issue is procedurally barred, or in the alternative, finds no ineffective assistance by appellate counsel.

**(7)  Failure to Argue Marijuana Plants Were Seedlings:**

Petitioner contends that counsel failed to investigate and argue that the plants found in his home were seedlings and not actual marijuana plants, and to argue that seedlings cannot be counted as full marijuana plants when calculating the base offense level. (Cr. Doc. #1, pp. 10, 14-15, 17.)

It is certainly true that under 21 U.S.C. § 841(b) and U.S.S.G. § 2D1.1(c), a "plant" must have a "readily observable root formation."  United States v. Auger, 338 F. App'x 823, 831 (11th Cir. 2009)(citing United States v. Foree, 43 F.3d 1572 (11th Cir. 1995); U.S.S.G. app. C, amend. 518).  The testimony of Special Agent Duquette clearly established that there were 70 growing marijuana plants at the residence.  (Cr. Doc. #81, pp. 56, 67, 69.) Petitioner has not cited to any evidence that suggests otherwise. Accordingly, there has been no showing of deficient performance under the Strickland standard.

-17-

**(8)  Failure to Argue Personal Use of Marijuana:**

Relying on <u>United States v. Kipp</u>, 10 F.3d 1463, 1465 (9th Cir. 1993), Petitioner contends that drugs for personal use cannot be used to calculate the base offense level for a distribution charge because they are not "part of the same course of conduct" as drugs intended for distribution. (Cv. Doc. #1, pp. 10. 17-18.) Petitioner argues that "[d]efense Counsel failed to look at this strategy and defense, which show his deficiencies. . . ." (<u>Id.</u>, p. 18.)

The Eleventh Circuit, however, has expressly declined to adopt the ruling of <u>Kipp</u>.  In the Eleventh Circuit "marijuana intended for personal use. . . was properly included by the district court in determining [] base offense levels." <u>United States v. Antonietti</u>, 86 F.3d 206, 210 (11th Cir. 1996).  Therefore, Petitioner's counsel did not provide ineffective assistance by his decision not to assert a meritless position.

**(9)  Failure to Raise Motion to Suppress on Appeal:**

Petitioner asserts that appellate counsel was ineffective for failing to raise the same motions to suppress that trial counsel failed to raise. (Cv. Doc. #1, p. 16.)  As discussed above, none of the motions would have been meritorious, and appellate counsel need not raise non-meritorious issues on appeal.

**(10)  Ineffective Assistance of Counsel For Filing <u>Anders</u> Brief:**

Petitioner claims appellate counsel provided ineffective assistance because he failed to discuss the grounds which Petitioner wished to raise on appeal and he failed to adequately research Petitioner's claim that the Court should have ordered a mistrial and instead filed an <u>Anders</u> Brief. (Cv. Doc. #1, p. 19.) The Court disagrees.

In order to demonstrate counsel was ineffective by filing an <u>Anders</u> brief, Petitioner must show that appellate counsel was deficient in failing to comply with <u>Anders</u>. <u>Grubbs v. Singletary</u>, 120 F.3d 1174, 1177 (11th Cir. 1997). <u>Anders</u> directs that if counsel finds the appeal to be wholly frivolous, "after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." <u>Anders</u>, 386 U.S. at 744.

Appellate counsel complied with the requirements of <u>Anders</u>. In the Preliminary statement of the brief, Appellate counsel stated "[b]ased on this diligent review, counsel is unable to argue that the district court committed reversible errors and that there exists meritorious grounds for an appeal." (No. 07-15852-GG, "Initial Brief for Appellant," June 9, 2008, p. ii.) Appellate counsel then argued the following two issues on Petitioner's behalf: (1) whether the lower court erred in denying Appellant's oral motion for mistrial, and (2) whether the lower court erred in denying the defense objection to the introduction into evidence of

Defendant's post arrest statements and the nature of Defendant's conviction. (<u>Id.</u>, pp. 10, 12.)  Counsel presented facts and case law as to both arguments, but stated that he was unable to find meritorious grounds that would require a reversal of Petitioner's conviction. (<u>Id.</u>, pp. 10-15.) Counsel then requested to be withdrawn as Petitioner's Appellate counsel. (<u>Id.</u>, pp. 15.)

It is clear that counsel complied with the requirements of <u>Anders</u>.  Therefore, Petitioner is unable to demonstrate counsel was ineffective.

**(11)  Failure to Raise Other Issues on Appeal:**

Petitioner also argues that appellate counsel provided ineffective assistance of counsel by failing to raise the other issues which Petitioner now asserts in the § 2255 motion.  For the reasons set forth above and below, none of these issues are meritorious.  Therefore, appellate counsel was not obligated to raise any of the issues on appeal.

**(12)  Fed. R. Crim. P. 44(c) Claim:**

Petitioner also asserts that the Court violated Fed. R. Civ. P. 44(c) when it failed to appoint him new counsel because he disagreed with his appointed counsel. (Cv. Doc. #1, pp. 13, 18.) Petitioner argues the Court should have held an in-chambers hearing, and the Court's failure to do so violated his right to a fair trial. (<u>Id.</u>, p. 18.)

Rule 44(c) refers to Joint Representation, and is inapplicable because only a single defendant was involved in this case. Rule 44(a) provides:

> A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right.

Fed. R. Crim. P. 44(a). "An indigent criminal defendant has an absolute right to be represented by counsel, but he does not have a right to have a particular lawyer represent him." Thomas v. Wainwright, 767 F.2d 738, 742 (11th Cir. 1985) (relying on Morris v. Slappy, 461 U.S. 1 (1983). Nor does an indigent defendant have a right to "demand a different appointed lawyer, except for good cause." Id. (citing United States v. Young, 482 F.2d 993, 995 (5th Cir. 1973)). Good cause is not demonstrated by the defendant's subjective standard, nor is it shown by lack of confidence or trust in counsel. Id.

Petitioner stated at the opening of his trial that he wished to have new counsel appointed. (Cr. Doc. #81, p. 5-6.) Through the interpreter, Petitioner stated, "I don't agree with the attorney. I don't want him." (Id., p. 6.) Petitioner claimed that counsel had not explained his constitutional rights to him. (Id., p. 5-6.) The undersigned replied that the magistrate's explanation of his rights would have been sufficient, and stated that unless he had other counsel present, the court-appointed counsel would continue. (Id., p. 6.) Petitioner did not provide good cause to

demonstrate why the Court should have appointed new counsel. Assuming this claim is not procedurally defaulted, it is without merit.

**ORDERED:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence § 2255 (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2. The Clerk of the Court shall enter judgment accordingly, terminate any pending motions, and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336

(2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of July, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Petitioner